IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM M. FULKERSON,

       Plaintiff,

v.                                                                                    No. 1:20-cv-01145-SCY

ANDREW SAUL, Commissioner of the
Social Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Constructive Discharge, Retaliation and Civil Rights Violations, Doc. 1, filed November 5, 2020 ("Complaint").

Plaintiff was employed by the Social Security Administration from 1989-2013. *See* Complaint ¶ 10 at 3, at 20. Plaintiff alleges that he was retaliated against in 2005 because he "had filed multiple Formal EEO complaints and participated as a witness in other EEO issues against Defendant Agency." Complaint ¶ 11 at 3. In 2012, "after seven years of surviving the retaliatory hostile work environment," Plaintiff was diagnosed with Post-Traumatic Stress Disorder ("PTSD") and suffered a Traumatic Brain Injury ("TBI"). Complaint ¶¶ 20, 22 at 5. Plaintiff asserts claims of disability discrimination, retaliation, violation of the "Whistle-Blower Acts, and violation of due process.

Plaintiff has previously filed a case against the Commissioner of the Social Security Administration asserting claims of disability discrimination and retaliation arising during his employment with the Social Security Administration. *See Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM ("*Fulkerson I*"). his case appears to arise from

the same facts in *Fulkerson I*. The Court in *Fulkerson I* granted Defendant Social Security Administration's motion for summary judgment and dismissed the case on April 6, 2018.

It appears that the claims in this case are barred by the doctrine of *res judicata* based on the dismissal of *Fulkerson I*.

> The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment. The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so. To apply claim preclusion, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action.

*Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotations and citation omitted).

Furthermore, it appears that the claims in the Complaint are barred by the statute of limitations because there are no allegations that any of the events giving rise to the claims against Defendant occurred after Plaintiff's employment terminated in 2013. *See e.g. Rhodes v. Langston University*, 462 F. App'x 773, 780 n.6 (10th Cir. 2011) ("Since neither the Rehabilitation Act nor the ADA set forth a statute of limitations, the [state] statute of limitations applies");  N.M.S.A. § 37-1-8 ("Actions must be brought . . . for an injury to the person . . . within three years").

While it appears the claims in this case are barred by the doctrine of *res judicata* and/or the statute of limitations, the Court grants Plaintiff an opportunity to show cause why this case should not be dismissed and to file an amended complaint.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the claims in this case should not be dismissed as barred by the doctrine of *res judicata*

and/or the statute of limitations and file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

*[Signature: Steve Yarbrough]*

_____
**UNITED STATES MAGISTRATE JUDGE**