## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM M. FULKERSON,

      Plaintiff,

v.                                                                      No. 1:20-cv-01145-WJ-SCY

ANDREW SAUL, Commissioner of the
Social Security Administration,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 8, filed November 30, 2020.

Plaintiff, who was employed by the Social Security Administration from 1989-2013, filed this action asserting claims of disability discrimination, retaliation, violation of the "Whistle-Blower Acts, and violation of due process. *See* Complaint, Doc. 1, filed November 5, 2020. Plaintiff previously filed an action against the Commissioner of the Social Security Administration asserting claims of disability discrimination and retaliation arising during his employment with the Social Security Administration. *See Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM ("*Fulkerson I*"). The Court in *Fulkerson I* granted Defendant Social Security Administration's motion for summary judgment and dismissed the case on April 6, 2018.

After noting that this case appears to arise from the same facts in *Fulkerson I* and explaining that it appears the claims in this case are barred by the doctrine of *res judicata* and/or the statute of limitations, United States Magistrate Judge Steven C. Yarbrough ordered Plaintiff to show cause why this case should not be dismissed. *See* Order to Show Cause, Doc. 5, filed November 10, 2020.

In his Response to the Order to Show Cause, Plaintiff asserted that this case is not barred by the statute of limitations because the "Doctrine of Continuing Violation" applies to this case because some of Defendant's "CONSTRUCTIVE AVERSE [sic] ACTIONS OCCURRED AFTER THE TERMINATION OF THE Plaintiff's employment in 2013." Response ¶ 1 at 1, ¶ 10 at 3, Doc. 6, filed November 19, 2020. Plaintiff did not, however, describe those actions with particularity. Plaintiff also asserted that *res judicata* does not bar this case because Plaintiff did not have a full and fair opportunity to litigate his claim in *Fulkerson I*. *See* Response ¶¶ 5-6 at 2. Plaintiff requested an opportunity "to amend his Complaints that the Plaintiff has spoken to regarding these legal issues and the evidence in his original complaint and the above discussion." Response at 4.

Judge Yarbrough granted Plaintiff an opportunity to file an amended complaint in this case and stated: "Failure to include sufficient allegations in the amended complaint to show that this case is not barred by the statute of limitations or *res judicata* may result in dismissal of this case." Doc. 7, filed November 23, 2020.

Plaintiff's Amended Complaint is not so much a complaint as it is an argument why the case should proceed. The Amended Complaint contains very few nonconclusory factual allegations.

Plaintiff has not shown, either in his Response to the Order to Show Cause or in his Amended Complaint, that this case is not barred by the statute of limitations. *See e.g. Rhodes v. Langston University*, 462 Fed.Appx. 773 n.6 (10th Cir. 2011) ("Since neither the Rehabilitation Act nor the ADA set forth a statute of limitations, the [state] statute of limitations applies"); N.M.S.A. § 37-1-8 ("Actions must be brought … for an injury to the person … within three years"). Plaintiff's employment with Defendant terminated in 2013. The only factual allegations

regarding Defendant's adverse actions after the termination of Plaintiff's employment and the dismissal of *Fulkerson I* assert that Defendant filed, in 2018-2020, motions to dismiss Plaintiff's appeals in his case before the Merit Systems Protection Board. *See* Amended Complaint ¶ 9 at 3. Defendant was no longer Plaintiff's employer and, consequently, Defendant's actions before the Merit Systems Protection Board were not adverse employment actions. *See* 42 U.S.C. § 2000e(f) ("The term 'employee' means an individual employed by an employer"); *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206 (1997) (Test for whether employer "has" employee, for purposes of statutory definition of "employer" subject to Title VII, is whether employer has employment relationship with employee on day in question; such test is generally called "payroll method," since employment relationship is most readily demonstrated by individual's appearance on employer's payroll); *Dick v. Phone Directories Co., Inc.*, 397 F;3d 1256, 1268 (10th Cir. 2005) ("An adverse employment action includes acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").

Plaintiff has not shown, either in his Response to the Order to Show Cause or in his Amended Complaint, that this case is not barred by res judicata.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

3

*Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). Plaintiff argues that he did not get a hearing in *Fulkerson I* because Circuit Judge Baldock granted Defendant's motion for summary judgment.  *See* Amended Complaint ¶ 8 at 3.  While he may not have been afforded a hearing in person, Plaintiff has not shown that he did not have a "full and fair opportunity to litigate" his claims in *Fulkerson I*.  Plaintiff, who was represented by counsel in *Fulkerson I*, filed a response to defendant's motion for summary judgment in *Fulkerson I*.  *See* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Doc. 55, filed November 27, 2017, in *Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM.

> **IT IS ORDERED** that this case is **DISMISSED with prejudice**.

_____

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**